Bromwell, J.
This is a petition filed by plaintiff, as administrator of Wm. J. Gildehaus, to construe the statute of descent and distribution under the circumstances set forth hereafter.
It appears that Wm. J. Gildehaus died intestate, leaving neither widow, children nor brothers nor sisters; both his father and mother are dead, so that his nearest relatives are a grandmother of the intestate on the mother’s side, uncles and aunts, five in number, personally or by representation, on the father’s side and uncles and aunts, four in number, on 'the mother’s side.
The grandmother claims the entire estate as next'of kin to the intestate. The uncles and aunts and the representatives of deceased uncles and aunts also claim the estate as next of kin of decedent. The question therefore that is presented for determination is, whether the grandmother is the next of kin or the uncles and aunts next of kin.
The estate is now made up entirely of personal property in the hands of the administrator. It is claimed that a small portion of this amount was derived from the sale of ancestral property, but we find that it has been intermingled, if it ever existed, with non-aneestral property so that its identity has been destroyed and its amount can not be determined. Under this state of facts we feel warranted in holding that the entire fund is personal property and should be distributed in accordance with the first clause of Section 4163 and Section 4159.
*242 Under the last named section the order of succession is:
1. To the children of the intestate and their legal representatives.
2. If there are no children or their legal representatives the estate shall pass to and be vested in the husband or wife relict of such intestate.
3. If such intestate leaves no husband or wife relict to himself or herself, the estate shall pass to the brothers and sisters of the intestate of the whole blood and their legal representatives.
4. If there are no brothers and sisters of the intestate of the whole blood or their legal representatives, the estate shall pass to the brothers and sisters of the half blood and their legal representatives.
5. If there are no brother or sisters of the half blood or their legal representatives, the estate shall ascend to the father; if the father is dead, then to the mother.
6. If the father and mother are dead, the estate shall pass to the next of kin and their legal representatives to and of the blood of the intestate.
In this ease the first five classes do not exist.
I am of the opinion, by reason of the preference given in the statute in favor of brothers and sisters of the intestate over father and mother, that it was the intention of the Legislature not to cause the estate to ascend as long as there were either direct descendants of the intestate, or brothers or sisters of the person upon whom the estate would have been cast if alive. This would seem by analogy drawn from the previous sections of the statute above cited to give the estate to brothers and sisters of the deceased father and mother of the intestate in preference to ascending to the grandmother. This view is in accordance with such Ohio decisions as have been rendered in eases where analogous questions have been raised.
It is therefore my opinion that the grandmother, Katharine Fink, is not entitled to any share of the estate. ^
There being-nine uncles and aunts, five on the father’s side and four on the mother’s who are either living or represented, each living uncle and aunt on either side would be entitled to one-ninth, and the representatives of deceased uncles and aunts *243 would take by representation their shares of the estate of the uncle or aunt whom they represent.